UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

KING JUSTICE ALLAH EL, *pro se*,

                Petitioner,

-against-                                    **MEMORANDUM AND ORDER**

WARDEN OF RIKERS ISLAND,                  07-CV-04975 (DLI) (LB)

                Respondent.

-----------------------------------------------------------X

**IRIZARRY, DORA L., United States District Judge:**

        On November 14, 2007, petitioner, currently at liberty and residing in Kings County, brought the instant *pro se* petition, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his prosecution in the Supreme Court of the State of New York, Kings County. Petitioner seeks "discharge from custody and a stay of all the proceedings." Petition ("Pet.") at 5.[1] Petitioner's submission is not the typical petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. While he has named as his custodian the respondent, he is not incarcerated, nor has he been convicted in state court. Rather, it appears that, on the date petitioner filed this action, his criminal case was pending in the state courts, and he was at liberty pending disposition of that matter. This Court is without jurisdiction to intervene in the state's ongoing criminal prosecution of petitioner. For the reasons set forth below, the petition is dismissed without prejudice.

        **BACKGROUND**

        Petitioner submits a five-page loosely-organized description of what transpired on November 7, 2007 in his criminal action in Kings County Supreme Court and how, on that day, his rights were

---

[1]The court has paginated the petition and its attachments for ease of reference.

1

allegedly violated.  Petitioner alleges, among other things, that, at the bench trial held on November 7, 2007: (1) he was denied the opportunity to represent himself, Pet. at 1-2, Exhibit 1; (2) his "demand for particulars" was not addressed by the prosecution or the court, id.; (3) the court refused to allow defense counsel to present a Department of Motor Vehicle (DMV) official to testify in order to authenticate a business record, id. at 2, Exhibit 5; and (4) the judge "began practicing law from the bench and screaming obscene words at the defense attorney."  Id. at 2-3, Exhibit 2.  Petitioner alleges that, also on that day, "the Judge sentenced the defendant and gave the defendant a 2 dollar bail for the same charge he was previously sentenced for."  Id. at 3.

Petitioner does not provide the nature of his charges, his conviction, if any, or his sentence, if any.  The Court takes judicial notice of the records of Kings County Criminal Court and the New York City Department of Corrections.  Plaintiff was arrested on February 21, 2006 for various motor vehicle violations centered around the unlicensed operation of a vehicle and possession of a forged instrument.  The most severe of the offenses charged were a misdemeanor under New York State Penal Law and a misdemeanor under New York State Vehicle and Traffic Law ("VTL"), for each of which an individual may be arrested.  The balance of the offenses were infractions under VTL.  Petitioner was incarcerated sporadically between February 21, 2006 and November 20, 2007, and most recently was held at Rikers Island from November 7, 2007 until November 20, 2007.  See NYC Department of Corrections Inmate Look-up Service, http://nysdocs.state.ny.us. Petitioner's case was last adjourned on November 28, 2007, and his next appearance on the pending charges is scheduled for January 28, 2008.  https://iapps.courts.state.ny.us/webcrim.

**DISCUSSION**

**A. Habeas Petition**

**1. Conviction in State Court and Custody**

The federal habeas statute gives the court jurisdiction to review petitions for habeas relief only from persons who are "*in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added); Rules Governing Section 2254 Cases ("Habeas Corpus Rule(s)"), Rule 1(a), (b) (the petitioner must either be in custody pursuant to the state court judgment against which he seeks relief or subject to such custody in the future pursuant to a state court judgment); see also Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) ("It is clear . . . that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."). Accordingly, there must be a state court conviction and sentence to challenge in order to file a petition under 28 U.S.C. § 2254. As petitioner's case has been adjourned until January 28, 2008, it appears that there has been no conviction. Even if petitioner had been convicted in state court, he is not in custody and has not alleged that he has been sentenced for a term to begin at a future date pursuant to a state court judgment. See Preiser v. Rodriguez, 411 U.S. at 484.

**B. Younger Abstention**

Moreover, since the state criminal charges against plaintiff are still pending, this court must abstain from hearing petitioner's claims. It is well-settled that federal courts cannot intervene in ongoing criminal proceedings, except in the most extraordinary circumstances, and upon a clear showing of both great and immediate harm. Younger v. Harris, 401 U.S. 37 (1971); see also Hicks v. Miranda, 422 U.S. 332, 349 (1975). As applied in our Circuit, "Younger abstention is mandatory when: (1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the

3

state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims." Spargo v. N.Y. State Comm'n on Judicial Conduct, 351 F.3d 65, 75 (2d Cir. 2003). When Younger applies, abstention is mandatory and its application deprives the federal court of jurisdiction in the matter. Colorado Water Conserv. Dist. v. United States, 424 U.S. 800, 816 n. 22 (1976); Diamond "D" Const. Corp. v. McGowan, 282 F.3d 191, 198 (2d Cir. 2002). Petitioner's constitutional claims may be resolved in the state criminal proceeding, and federal intervention at his insistence is improper.

**C. Prison Conditions**

To the extent plaintiff files this petition to challenge his placement in the special housing unit when incarcerated at Rikers Island, these claims are dismissed as not properly considered within the context of a habeas petition. Should petitioner seek to raise these claims regarding constitutional violations during his incarceration at Rikers Island pursuant to 42 U.S.C. § 1983, the court has attached a sample complaint form and a request to proceed *in forma pauperis*.

**CONCLUSION**

Accordingly, the petition for a writ of habeas corpus filed *in forma pauperis* is dismissed without prejudice for the reasons set forth above. The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that any appeal from this order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
January 11, 2007

/s/
Dora L. Irizarry
United States District Judge

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

KING JUSTICE ALLAH EL, *pro se*,

            Petitioner,

-against-                                           **ORDER**

WARDEN OF RIKERS ISLAND,                 07-CV-04975 (DLI) (LB)

            Respondent.

---------------------------------------------------------X

        Pursuant to the order issued today by the undersigned dismissing the petition, it is,

        **ORDERED, ADJUDGED, AND DECREED** that the petition for a writ of habeas corpus is hereby dismissed. For the purpose of any appeal, the Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any *in forma pauperis* appeal would not be taken in good faith.

Dated: Brooklyn, New York
         January 11, 2007

                                                      /s/
                                            Dora L. Irizarry
                                       United States District Judge